Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
300 South First Street, Ste. 342
San Jose, California 95113
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@moorelawfirm.com
           tanya@moorelawfirm.com

Attorneys for Plaintiff
Jose Escobedo

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### (Fresno Division)

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>    Plaintiff,<br><br>    vs.<br><br>BLESSING-CO, INC; XIAOHONG CHEN dba MOY'S RESTAURANT; HAN HONG LI dba MOY'S RESTAURANT; GOLDEN TRIPOD RESTAURANT GROUP, LLC dba NOODLE Q; GOLDEN TRIPOD RESTAURANT, LLC dba NOODLE Q;<br><br>    Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER THE AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1. This is a civil rights action by plaintiff JOSE ESCOBEDO ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

    (a)    Moy's Restaurant
                2636 E. Ashlan Ave.
                Fresno, CA 93726
                (hereafter "the Moy's Facility")

      (b)     Noodle Q
                2648 E. Ashlan Ave.
                Fresno, CA 93726
                (hereafter "the Noodle Q Facility")

Each of the facilities identified above shall be collectively hereafter referred to as "the Facilities."

2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes, against:

      a)     BLESSING-CO,INC (hereinafter "the Landlord Defendant");

      b)     XIAOHONG CHEN dba MOY'S RESTAURANT and HAN HONG LI dba MOY'S RESTAURANT (hereinafter collectively "the Moy's Defendants");

      c)     GOLDEN TRIPOD RESTAURANT GROUP, LLC dba NOODLE Q and GOLDEN TRIPOD RESTAURANT, LLC dba NOODLE Q (hereinafter "the Noodle Q Defendants").

The Moy's Defendants and the Noodle Q Defendants are collectively referred to herein as "the Tenant Defendants," and together with the Landlord Defendant, collectively the "Defendants."

## II.    JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7. Plaintiff believes, and thereon alleges, that the Landlord Defendant owns, operates, and/or leases the real property consisting of the real property and common areas of the Facilities as well as the physical structures thereon (including the buildings in which each of the individual Tenant Defendants' Facilities is located), and consists of a person (or persons), firm, or corporation. Plaintiff further believes, and thereon alleges, that the Landlord Defendant leases the respective Facilities to the Tenant Defendants as follows:

   a) The Moy's Defendants own, operate, and/or lease the Moy's Facility, and lease the Moy's Facility from the Landlord Defendant; and

   b) The Noodle Q Defendants own, operate, and/or lease the Noodle Q Facility, and lease the Noodle Q Facility from the Landlord Defendant.

8. Plaintiff suffers from rheumatoid arthritis which impairs his ability to move his joints without pain, is substantially limited in his ability to walk requiring a cane for mobility, and has limited dexterity due to arthritis and finger amputation. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9. The Facilities are open to the public, intended for non-residential use, and its operation affects commerce. The Facilities are therefore public accommodations as defined by applicable state and federal laws.

10. Plaintiff lives less than ten miles from the Facilities and visited the Facilities on or about June 14, 2023 to dine at the Moy's Facility, and on or about June 15, 2023 to dine at the Noodle Q Facility. During his visits to the Facilities, Plaintiff personally encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facilities. These barriers include, but are not necessarily limited to, the following:

   a) The entrance door at the Moy's Facility was heavy and closed too quickly, making it difficult for Plaintiff to open and walk through.

b) The door to the men's restroom at the Moy's Facility had a round door knob, which was difficult for Plaintiff to grasp and turn.

c) The locking mechanism on the door to the toilet compartment in the Moy's Facility men's restroom required tight pinching and twisting of the wrist to operate, which made it difficult for Plaintiff to use.

d) The toilet in the Moy's Facility men's restroom was too low and there was no rear grab bar, which made it difficult for Plaintiff to lower himself and stand up from the toilet.

e) The toilet seat cover dispenser in the Moy's Facility men's restroom toilet compartment was positioned high on the wall behind the toilet, making it difficult for Plaintiff to reach.

f) The toilet paper dispenser in the Moy's Facility men's restroom toilet compartment was positioned too high, making it hard for Plaintiff to reach.

g) The faucet controls on the sink in the Moy's Facility men's restroom were round and required tight grasping and twisting of the wrist to operate, making them difficult for Plaintiff to use.

h) The paper towel dispenser in the Moy's Facility men's restroom was positioned too high, making it hard for Plaintiff to reach.

i) The transaction counter at the Moy's Facility was obstructed by a row of chairs that were placed in front of the entire counter, and it was difficult for Plaintiff to lean over the obstructions and reach the counter to pay for his meal.

j) There was a loose floor mat near Plaintiff's table at the Noodle Q Facility, which caught on his chair as he pushed it back creating a tripping hazard when Plaintiff got up from his chair.

k) The door to the men's restroom at the Noodle Q Facility was heavy and difficult for Plaintiff to open.

        l)        The locking mechanism on the door to the toilet compartment in the Noodle Q Facility men's restroom required tight pinching to operate, which made it difficult for Plaintiff to use.

        m)        The toilet in the Noodle Q Facility men's restroom was positioned too far from the side wall, which made it difficult for Plaintiff to use the side grab bar when lowering himself and standing up from the toilet, and also made it hard for him to reach the toilet paper dispenser. Additionally, the toilet seat was not properly secured, causing Plaintiff more difficulty in using the toilet.

        n)        The toilet seat cover dispenser in the Noodle Q Facility men's restroom toilet compartment was positioned high on the wall behind the toilet, making it hard for Plaintiff to reach.

        o)        The soap dispenser and paper towel dispenser in the Noodle Q Facility men's restroom were positioned too high, making them hard for Plaintiff to reach.

11. There may exist other barriers at the Facility which relate to Plaintiff's disabilities, and he will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12. Plaintiff was, and continues to be, deterred from visiting the Facilities because Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facilities, and will return to the Facilities once the barriers are removed.

13. Defendants knew, or should have known, that these elements and areas of the Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facilities (without much difficulty or expense), and make the Facilities

accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facilities to remove impediments to access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facilities to conform to accessibility standards. Defendants have intentionally maintained the Facilities in their current condition and have intentionally refrained from altering the Facilities so that they comply with the accessibility standards.

15. Plaintiff further alleges that the (continued) presence of barriers at the Facilities is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facilities; conscientious decision to maintain the architectural layout (as it currently exists) at the Facilities; decision not to remove barriers from the Facilities; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facilities are not in the midst of a remodel, and that the barriers present at the Facilities are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facilities during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facilities without much difficulty or expense, that the cost of removing the architectural barriers does not exceed the benefits under the particular circumstances, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facilities' barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23. Plaintiff alleges on information and belief that the Facilities were designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

//

//

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facilities in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26. Plaintiff alleges on information and belief that the Facilities were modified after January 26, 1993, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Defendants altered the Facilities in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facilities, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

### Failure to Maintain Accessible Features

31. Defendants additionally violated the ADA by failing to maintain in operable working condition those features of the Facilities that are required to be readily accessible to and usable by persons with disabilities.

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

32. Such failure by Defendants to maintain the Facilities in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

33. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

34. Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

### VII. SECOND CLAIM

### Unruh Act

35. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

36. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

37. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

38. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

39. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

40. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

41. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

//

//

42. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

43. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

44. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

45. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

46. Plaintiff alleges the Facilities are public accommodations constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code § 19956.

47. Defendants' non-compliance with these requirements at the Facilities aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.
3. Declaratory relief finding that Defendants violated the ADA for the purposes of Unruh Act damages.

     4.     Attorneys' fees, litigation expenses, and costs of suit.[2]

     5.     Interest at the legal rate from the date of the filing of this action.

     6.     For such other and further relief as the Court deems proper.

Dated: April 2, 2024                                      MOORE LAW FIRM, P.C.

                                                         _/s/ Tanya E. Moore_
                                                         Tanya E. Moore
                                                         Attorney for Plaintiff
                                                         Jose Escobedo

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

# VERIFICATION

I, JOSE ESCOBEDO, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2024              /s/ Jose Escobedo
                                  Jose Escobedo

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                    /s/ Tanya E. Moore
                                  Tanya E. Moore
                                  Attorney for Plaintiff,
                                  JOSE ESCOBEDO