**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ESCOBEDO, | Case No.: 1:24-cv-0390 JLT SAB |
| Plaintiff, | ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| BELSSINGS-CO, INC., et al., | |
| Defendants. | |
| | (Docs. 13, 18) |

Jose Escobedo seeks default judgment against the defendants—including Blessing-Co, Inc; Xiaohong Chen dba Moy's Restaurant; Han Hong Li dba Moy's Restaurant; Golden Tripod Restaurant Group, LLC dba Noodle Q; and Golden Tripod Restaurant, LLC dba Noodle Q— for violating Title III of the Americans with Disabilities Act and California's Unruh Civil Rights Act. (*See* Docs. 1, 13.) For the reasons set forth below, the motion for default judgment is granted in part. The Court finds default judgment is appropriate for the claim arising under the ADA, but declines to exercise supplemental jurisdiction and dismisses claims arising under state law without prejudice.

**I.      Relevant Background**

Escobedo reports that he "suffers from rheumatoid arthritis which impairs his ability to move his joints without pain, is substantially limited in his ability to walk requiring a cane for mobility, and has limited dexterity due to arthritis and finger amputation." (Doc. 1 at 3, ¶ 8.) He asserts that he

1

visited Moy's Restaurant on June 14, 2023, and Noodle Q on June 15, 2023, intending to dine at the facilities that are "less than ten miles" from his residence. (*Id.* at 3, ¶ 10.) Escobedo alleges he "personally encountered barriers (both physical and intangible) that interfered with, if not outright denied, [his] ability to use and enjoy the goods, services, privileges and accommodations offered" at the facilities. (*Id.*; *see also id.* at 3-5.) Escobedo asserts that he "was, and continues to be, deterred from visiting" the dining facilities because he knows the "goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to [him] due to [his] physical disabilities." (*Id.* at 6, ¶ 12.) According to Escobedo, he will return to Moy's Restaurant and Noodle Q "once the barriers are removed" because he "enjoys the goods and services offered." (*Id.*) Escobedo asserts Defendants "possessed and enjoyed sufficient control and authority" to remove the barriers, and to be sure the facilities complied with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for Accessible Design. (*Id.*, ¶ 14.) Escobedo also contends, "Defendants have the financial resources to remove the[] barriers …without much difficulty or expense[], and make the Facilities accessible to the physically disabled." (*Id.* at 5-6, ¶ 13.)

On April 3, 2024, Escobedo initiated this action by filing a complaint against Defendants alleging: (1) violations of Title III of the Americans with Disabilities Act, (2) violations of California's Unruh Act, and (3) denial of full and equal access to public facilities under California's Health and Safety Code. (Doc. 1 at 6-10.) Escobedo served the defendants with the summons and complaint. (Docs. 4, 5, 6, 7, 8.) After Defendants failed to respond to the complaint, Escobedo requested entry of default. (Doc. 10.) The Clerk of Court entered default against all defendants on May 9, 2024. (Doc. 11.) Escobedo now seeks default judgment, requesting injunctive and declaratory relief, statutory damages under the Unruh Act, attorneys' fees, and costs.[1] (Doc. 13.)

**II.    Findings and Recommendations**

As an initial matter, the magistrate judge determined the Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, based upon Escobedo's claim for violations of the ADA. (Doc. 18 at 7.) In addition, the magistrate judge noted that the Court "has the discretion to exercise supplemental

---

[1] Escobedo did not seek default judgment for his claim for the denial of full and equal access to public facilities arising under the California Health and Safety Code. (*See* Doc. 13; Doc. 13-1 at 9-20.)

jurisdiction under 28 U.S.C. § 1367 for Plaintiff's related state law claims pursuant to the Unruh Act, California Civil Code §§ 51, *et seq*.," and recommended "exercising supplemental jurisdiction over Plaintiff's claim under the Unruh Act." (*Id.*)

The magistrate judge evaluated the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and found the factors weighed in favor of granting the motion for default judgment. (Doc. 18 at 11-21.) Specifically, the magistrate judge found default judgment was appropriate for Escobedo's claim arising under the ADA, and recommended the requested injunctive relief be granted. (*Id.* at 12-16.) The magistrate judge also found default judgment was appropriate for the claim arising under the Unruh Act, and recommended awarding statutory damages in the amount of $8,000.00. (*Id.* at 17-18, 25.) Finally, the magistrate judge recommended Escobedo be awarded attorneys' fees in the modified amount of $2,610.0 and litigation expenses and costs in the amount of $871.44, for a total of $3,481.44. (*Id.* at 21-25.)

The Court served the Findings and Recommendations on November 21, 2024, and informed the parties that any objections must be filed within 14 days. (Doc. 18 at 26.) In addition, the Court advised the parties that "the failure to file objections within the specified time may result in the waiver of rights on appeal." (Id. at 26-27, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No objections were filed, and the time to do so expired.

### III.   Supplemental Jurisdiction

Significantly, while noting the Court could take supplemental jurisdiction, the magistrate judge did not make any findings as to whether exceptional circumstances exist to decline jurisdiction over Escobedo's claims arising under California law. As the magistrate judge observed, a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir. 2004) (internal quotation marks, citation omitted). The Ninth Circuit concluded ADA and Unruh Act claims that

derive from a common nucleus of facts "form part of the 'same case or controversy/ for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997) (internal quotation marks, citations omitted). A district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This provision is "a codification of the principles of economy, convenience, fairness, and comity that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction." *Whitaker v. Mac*, 411 F.Supp.3d 1108, 1113 (C.D. Cal. 2019) (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (identifying the following as relevant factors: judicial economy, convenience, fairness, and comity, which together are the "*Gibb*s values").

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angele*s, 159 F.3d 470, 478 (9th Cir. 1998). However, the Court is required to identify why circumstances may be "exceptional" if declining jurisdiction under Section 1367(c)(4). *Arroyo*, 19 F.4th at 1210. "A district court's decision to decline supplemental jurisdiction over a state-law claim is reviewed for abuse of discretion." *Vo v. Choi*, 49 F.4th 1167, 1171-72 (9th Cir. 2022).

**A. Jurisdiction under Section 1367(c)(4)**

A court's inquiry as to whether decline jurisdiction under Section 1367(c)(4) involves a two-part inquiry. *Arroyo*, 19 F.4th at 1210. First, the Court must identify "why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." Id. (citation omitted); *see also San Pedro Hotel*, 159 F.3d at 478-79. Second, to evaluate if "there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in

4

Gibbs." *Arroyo*, 19 F.4th at 1210 (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73). These "inquiries are not particularly burdensome." *Id.* (citation omitted.)

### 1. Exceptional circumstances

Importantly, "California adopted heightened pleading requirements for Unruh Act accessibility claims in an attempt to deter baseless claims and vexatious litigation" in 2012. *Machowski v. Auburndale Props.*, 574 F.Supp.3d 776, 779 (C.D. Cal. 2021); *see also Vo*, 49 F.4th at 1170 (noting the state "imposed heightened pleading requirements" following the abuse of remedies under the Unruh Act). The state adopted further restrictions in 2015, after the heightened pleading requirements alone "did not substantially reduce vexatious filings." *Id.* (citing Cal. Civ. Proc. Code § 425.50). The state targeted "high-frequency litigants," which include plaintiffs who "filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Code Civ. Proc. § 425.55(b)(1). The Court's review of its records indicates that Escobedo would be subject to the heightened pleading and procedural standards that now apply to the high-frequency litigants.[2]

Under California law, high-frequency litigants—such as Escobedo—are now required to comply with the following requirements:

> (1) the complaint must allege whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business.

---

[2] Based upon the Court's review of its records, Escobedo filed 17 disability access actions in the 12 months immediately the filing of this action on April 3, 2024, including: *Escobedo v. Clovis Tire & Wheelers, Inc.,* Case No. 1:23-cv-1170-SAB (filed Aug. 4, 2023); *Escobedo v. Vallarta Food Enterprises*, Case No. 1:23-cv-1203 (filed Aug.11, 2023); *Escobedo v. De Anda Inc.*, Case No. 1:23-cv-1275 (filed Aug. 24, 2023); *Escobedo v. G & T Entertainment*, Case No. 1:23-cv-1280-EPG (filed Aug. 25, 2023); *Escobedo v. Fried or Boiled Seafood Inc.*, Case No. 1:23-cv-1281-ADA-SAB (filed Aug. 25, 2023); *Escobedo v. Singh*, 1:23-cv-1302-KES-BAM (filed Aug. 31, 2023); *Escobedo v. Los Amigos Authentic Mexican Food*, Case No. 1:23-cv-1306-SAB (filed Aug. 31, 2023); *Escobedo v. Northwood Enters. L.P.*, Case No. 1:23-cv-1338-JLT-SAB (filed Sept. 8, 2023); *Escobedo v. Northern Village Associates LP*, Case No. 1:23-cv-1364-JLT-SAB (filed Sept. 15, 2023); *Escobedo v. Tacos y Tortas Chalio LLC*, Case No. 1:23-cv-1338-SAB (filed Sept. 22, 2023); *Escobedo v. Gazebo Gardens, Inc.*, Case No. 1:23-cv-1390-SAB (filed Sept. 22, 2023); *Escobedo v. 1313 Restaurant Group, LLC*, Case No. 1:23-cv-1425-JLT-BAM (filed Sept. 29, 2023); *Escobedo v. Giganova, L.P.*, Case No. 1:23-cv-1627-JLT-SKO (filed Nov. 17, 2023); *Escobedo v. Jensen & Pilegard*, Case No. 1:24-cv-0088-KES-SKO (filed Jan 18, 2024); *Escobedo v. Zamorano*, Case No. 1:24-cv-0339-JLT-HBK (filed Mar. 22, 2024); *Escobedo v. Mariscos El Pescador Inc.*, Case No. 1:24-cv-0359-JLT-EPG (filed Mar. 27, 2024); *Escobedo v. Solano*, Case No. 1:24-cv-0373-KES-SKO (filed Apr. 1, 2024).

1  *Machowski*, 574 F.Supp.3d at 779 (citation omitted, modifications adopted*); see also* Cal. Civ. Proc.
2  Code § 425.50(a)(4)(A)).  The high-frequency litigants must also pay an additional $1,000 filing fee.
3  Cal. Gov't. Code § 70616.5(a), (b).  Importantly, these additional requirements apply only in the state
4  court, and "plaintiffs can circumvent the restrictions on high-frequency litigants by filing their
5  complaints in federal court, asserting federal question jurisdiction over the ADA claim and
6  supplemental jurisdiction over the state-law claims." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018
7  (9th Cir. 2022) (citing *Arroyo*, 19 F.4th at 1207); *see also Vo*, 49 F.4th at 1170 ("we assume ... these
8  new requirements apply only in California state court").

9        The Ninth Circuit—and district courts within the circuit—recognized an increase in disability
10 access claims brought in federal court by the "high-frequency litigants" who would be subject to the
11 additional requirements before the state.  *See, e.g., Arroyo*, 19 F.4th at 1211; *Shayle*r, 51 F.4th at 1017-
12 18 (observing that in the Central District alone, "the number of ADA cases has ballooned from 3
13 percent of its civil docket to roughly 20 percent in recent years"); *Gilbert v. Bonfare Markets, Inc.*,
14 2023 WL 1803398, at *4 (E.D. Cal. Feb. 7, 2023) (noting "the burden the ever-increasing number of
15 [accessibility] cases poses to the federal courts"); *Arroyo v. Quach, Inc.*, 2023 U.S. Dist. LEXIS
16 18721, at *3 (N.D. Cal. Feb. 3, 2023) ("California federal courts have recently experienced a large
17 influx of cases involving a federal claim under the ADA for failure to ensure that businesses are
18 accessible to customers with disabilities, accompanied by a state-law claim under the Unruh Act")
19 (citation omitted).  The Ninth Circuit attributed this increase to Unruh Act plaintiffs who sought to
20 avoid the California requirements, "by filing in a federal forum in which [they] can claim these state
21 law damages in a manner inconsistent with the state law's requirements."  *Arroyo*, 19 F.4th at 1211.
22 As a result, the Ninth Circuit opined that "the procedural strictures that California put in place have
23 been rendered largely toothless..." *Id.*

24       Having acknowledged the apparent avoidance by litigants who pursue their state claims in
25 federal courts, the Ninth Circuit had "little difficulty" reaching the conclusion that "the legal
26 landscape" concerning Unruh Act cases constitutes an exceptional circumstance within the meaning of
27 Section 1367(c)(4).  *Vo*, 49 F.4th at 1169 (citing *Arroyo*, 19 F.4th at 1214).  Thus, numerous district
28 courts in California "have declined to exercise supplemental jurisdiction over Unruh Act … claims

brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc.*, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021).

### 2. Compelling reasons to decline jurisdiction

The Court finds the Gibbs values of judicial economy and convenience weigh in favor of declining supplemental jurisdiction. Although the Court addressed the merits of the ADA claim to the extent necessary to address the motion for default judgment, it has not been required to expend a significant amount of time and resources on the action as the claims were uncontested. *See Whitaker v. Eye Phone City*, 2020 WL 7065831, at *3 (C.D. Cal. Oct. 7, 2020) (finding judicial economy did not weigh in favor of supplemental jurisdiction where the parties had not yet engaged in discovery); *see also Brooke v. Shelby Hosp. LL*C., 2023 WL 5017996, at *2-3 (C.D. Cal. July 24, 2023) (declining supplemental jurisdiction and dismissing the state law claims when addressing a motion for default judgment brought by a high-frequency litigant, finding any concerns of judicial economy were outweighed by concerns of comity). Moreover, any inefficiencies created by the Court's decision to decline supplemental jurisdiction "are problems ultimately that resulted from [the] plaintiff's decision to file this [a]ction in federal, rather than state court." *See Whitaker v. Aftaliion*, 2020 WL 5845724, at *4 (C.D. Cal. July 23, 2020).

Fairness also weighs in favor of declining supplemental jurisdiction over the Unruh Act claim. Escobedo has not been prevented from receiving injunctive relief to remove the encountered accessibility barriers—the only relief available—under his ADA claim before the federal court. On the other hand, it would be unfair to permit Escobedo to evade the limitations California imposed on his accessibility claims. *See Schutza v. Cuddeback,* 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); *see also Brooke v. Yang & Chang Int'l*, 2024 WL 4003180, at *4 (C.D. Cal. July 30, 2024) (finding fairness weighed in favor of declining supplemental jurisdiction because "permitting a plaintiff to pursue construction-related accessibility claims in this Court while evading the limitations California has imposed on such claims is unfair to defendants").

Finally, comity weighs in favor of declining jurisdiction, particularly in light of the state's efforts to thwart abuse of the legal system through the filing of unverified disability access claims. *See*, *e.g.*, *Marquez v. KBMS Hospitality Corp.*, 492 F. Supp. 3d 1058, 1064 (C.D. Cal. 2020) ("To allow

7

federal courts to become an escape hatch that allows high-frequency litigants to pursue such claims without satisfying California's requirements is an affront to the comity between federal and state courts"); *Block v. 7-Eleven, Inc.*, 2024 WL 333891, at *4 (N.D. Cal. Jan. 29, 2024) (comity weighed in favor of declining supplemental jurisdiction, because permitting the plaintiff to proceed before the district court would permit evasion of requirements imposed by the California legislature); *Schutza v. Alessio Leasing, Inc.*, 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019) ("By being 'inefficient' and declining to exercise supplemental jurisdiction …, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.").

## IV. Conclusion and Order

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis related to Escobedo's claim under the ADA. The recommended reduction to the award of fees and costs is also appropriate. However, as described above, there are "exceptional circumstances" and "compelling reasons" to decline supplemental jurisdiction over Escobedo's claims for violations of the Unruh Act and California Health & Safety Code. Accordingly, the Court declines to adopt the recommendations related to the claims arising under state law, and exercises its discretion to decline supplemental jurisdiction. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations filed on November 21, 2024 (Doc. 18) are **ADOPTED** in part.
2. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(c)(4).
3. Plaintiff's claims for violations of the Unruh Act and the California Health & Safety Code are **DISMISSED** without prejudice.
4. Plaintiff's motion for default judgment (Doc. 13) is **GRANTED IN PART**.
5. Judgment **SHALL** be entered in favor of Plaintiff and against Defendants.
6. Plaintiff's request for statutory damages under California's Unruh Act is **DENIED**.

7. Plaintiff's request for fees, costs, and expenses is **GRANTED IN PART**, in the modified amount of $**3,481.44**.
8. Plaintiff's request for injunctive relief under the ADA is **GRANTED**.
9. Defendants Blessing-Co, Chen, and Li **SHALL** make modifications <u>within six months</u> to the facility known as "Moy's Restaurant," located at 2636 East Ashlan Avenue, Fresno, California 93726, to bring the property into compliance with the accessibility requirements of the Americans with Disabilities Act as follows:
    a. Providing a properly configured entrance door, including sweep time;
    b. Providing a door to the men's restroom with a properly configured door knob;
    c. Providing a properly configured locking mechanism on the door to the toilet compartment;
    d. Providing a properly configured toilet in the men's restroom toilet compartment;
    e. Providing a properly placed toilet seat cover dispenser in the men's restroom toilet compartment;
    f. Providing a properly placed toilet paper dispenser in the men's restroom toilet compartment;
    g. Providing properly configured faucet controls on the sink in the men's restroom;
    h. Providing a properly placed paper towel dispenser in the men's restroom; and
    i. Providing a properly configured transaction counter that is unobstructed.
10. Defendants Blessing-Co, Inc., Golden Tripod Restaurant Group, LLC, and Golden Tripod Restaurant, LLC, **SHALL** make modifications <u>within six months</u> to the facility known as "Noodle Q," located at 2648 East Ashlan Avenue, Fresno, California 93726, to bring the property into compliance with the accessibility requirements of the Americans with Disabilities Act as follows:
    a. Providing properly secured floor mats in the facility;
    b. Providing a door to the men's restroom that is properly configured as to weight and sweep time;
    c. Providing a properly configured locking mechanism on the toilet compartment

                in the men's restroom;

    d.    Providing a properly placed toilet within the toilet compartment in the men's restroom;

    e.    Providing a properly placed toilet seat cover dispenser in the toilet compartment in the men's restroom; and

    f.    Providing a properly placed soap and paper towel dispenser in the men's restroom.

11.    The Clerk of Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated:   **December 12, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE